UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LJUBICA RAJKOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1808 (TSC) |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion for Summary Judgment [ECF No. 16]. The motion is unopposed, and for the reasons stated below, the motion will be granted.

Plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Federal Bureau of Investigation ("FBI") for information about John Kennedy, Jr., "son of the former president of the U.S.A. John F. Kennedy, who died in a plane accident on July 19, 1999." Compl. ¶ 4; *see* Statement of Material Facts As To Which There Is No Genuine Issue [ECF No. 16-1] ¶ 1. Initially, the FBI directed plaintiff to "pre-processed material . . . available in the FBI's public website in order to speed the process and avoid charging unnecessary duplication fees." Defs.' Mot. for Summ. J., Second Hardy Decl. ¶ 8; *see* Statement of Material Facts As To Which There Is No Genuine Issue ¶ 2 (citing Second Hardy Decl. ¶ 6). Plaintiff was not satisfied with this response, however, *see* Compl. ¶¶ 5-8, and opted to litigate the matter instead, Statement of Material Facts As To Which There Is No Genuine Issue ¶ 6.

1

A search of the FBI's Central Records System using variations of John Kennedy Jr.'s first and last names as search terms identified three main files plus another "104 potentially responsive cross-reference files. Statement of Material Facts As To Which There Is No Genuine Issue ¶ 10. After further review of these files, FBI staff determined that only two main files and eight cross-references were responsive to plaintiff's FOIA request. *Id.* Of 347 pages of records deemed responsive, the FBI determined that 11 pages were duplicates, released 57 pages in full, released 153 pages in part, and withheld 126 pages in full. *Id.* ¶ 11. It relied on FOIA Exemptions 1, 3, 6, 7(C), 7(D), and 7(E). *See id*. ¶¶ 14-20 (citing Second Hardy Decl. ¶¶ 17-79). The FBI has reviewed the responsive records "to achieve maximum disclosure consistent with the access provisions of the FOIA," *id*. ¶ 13, and to this end, it has "provided all reasonably segregable material to [p]laintiff . . . and . . . the only information withheld . . . consists of information that would trigger reasonably foreseeable harm to one or more interests protected by the cited FOIA exemptions," *id*. ¶ 22 (citing Second Hardy Decl. ¶¶ 80-81).

On August 26, 2014, the Court issued an Order [ECF No. 17] advising the plaintiff of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion. Specifically, the Court warned the plaintiff that, if she failed to file an opposition to the motion by October 15, 2014, the motion would be treated as conceded. To date, the plaintiff has neither filed an opposition to the motion nor requested an extension of time. For purposes of this Memorandum Opinion, the above facts are deemed admitted. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues.").

Although the Court may treat the government's unopposed motion as conceded, *see* LCvR 7(b), summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, defendants have met their burden, and absent any opposition from the plaintiff, the Court will grant summary judgment in the defendants' favor.

An Order is issued separately.

DATE: November 4, 2014

/s/
TANYA S. CHUTKAN
United States District Judge